4 U.S. 308 (____)
4 Dall. 308
Duncanson
versus
M`Lure.
Supreme Court of United States.

*311 In relation to these points, the plaintiff's counsel contended.
*314 The COURT delivered a long and elaborate charge to the jury, on the two principal points in the cause. 1st. They expressed considerable doubt, whether the condemnation of the Mount Vernon was pronounced by a competent Court; inasmuch as the ship was not within the jurisdiction of the country of the captors; as the evidence did not satisfactorily prove, that France had taken possession of St. Domingo, in pursuance of the treaty of cession; and as Spain and France did not appear to be actually allies in the war, at the time of the capture and condemnation. 2d. But they were clearly and decidedly of opinion, that the charge delivered in the case of Murgatroyd v. Crawford (3 Dall. Rep. 491.) was erroneous and untenable. Acknowledging and retracting, therefore, with candour, the error which they had then committed, they declared that the verdict must be in favour of the defendant; inasmuch as the plaintiff's claim to the ship was founded upon a transaction, in fraud of the positive laws and public policy of the United States, which exclude an alien, from any degree of interest in an American registered vessel, by way of trust, confidence, or otherwise.
Notwithstanding the explicit decision and direction of the Court, one of the jurors refused, during four days, to concur in a general verdict for the defendant; declaring, in open Court, "that although he stood alone, he would only lay down his "opinion with his life: for, he never could consent to cast the "property of the ship upon the defendant, through the medium "of such a capture and condemnation." At length, the form of a special verdict was submitted to the jury, by each side; and the jury adopted and returned the form prepared by the defendant's counsel.
*315 When the special verdict was brought before the Court, for argument, at December term 1804, the defendant moved for a new trial, on the ground, that although the facts were sufficiently found, for a judgment, on the point of a breach of the acts of congress; they were not sufficiently found to enable this Court, or the High Court of Errors and Appeals, to decide upon the objections to the condemnation, because St. Domingo was Spanish territory, within which a French prize Court was not competent to act; and because the ship was not within the jurisdiction of St. Domingo, but at Porto Rico, when she was condemned. Besides, in an action of trover, the jury are bound to give the actual value of the property if they find for the plaintiff; and in this case they have given only prime cost of 22,000 dollars on the sale to the defendant; whereas the value, according to the only evidence before the jury, was 40,000 dollars.
After repeated arguments, the COURT determined that the facts were not sufficiently found, on the whole case; and, although they adhered to their opinion, as delivered in the charge, in justice to the plaintiff, who had a right to a writ of error, as well as in consideration of the importance of the decision, it became necessary and proper to award
A new trial.[(5)]
NOTES
[(5)] YEATES, Justice, thought that enough was found, upon the special verdict, to give judgment for the defendant, on the paramount, and controuling, question of a violation of the acts of congress. He was, therefore, opposed to a new trial, though the facts on the other questions were, he admitted, defectively found, and though he did not approve of the estimate of the damages, for which no evidence had been adduced at the trial.

SMITH and BRACKENRIDGE Justices, however, pronounced the decision of the Court.