# CASES

---

SITTINGS AFTER FEBRUARY TERM, 1810, AT NEW YORK.

CORAM MR. JUSTICE SPENCER.

———•♦•———

WENDOVER and HINTON *against* HOGEBOOM et al.

Delivery of a vessel conveys the title, the sale differing in nowise from the sale of other chattel. A bill of sale is not essential as far as title is concerned.

ASSUMPSIT, for work and labor done and performed, and materials furnished, in and about the making of a suit of sails for the sloop Convention, owned by the defendants.

Plea, the general issue.

It appeared in evidence, that the defendants were the owners of the sloop Convention, in 1804. That, in February, 1805, one Vosburgh purchased one half of said vessel from one of the defendants, and, in June, 1806, the remaining half from the other defendant. That he was regularly

put in possession of the said vessel, immediately after the purchases, but no bills of sale were executed; the parties having agreed that the vendors should not be bound to give a bill of sale until payment was made by the vendee, which payment was to be made by instalments. The sloop remained enrolled in the name of the defendants, until the Autumn of 1807, when a bill, of sale was duly executed by the defendants to Vosburgh. The sails were furnished to the vessel on the 6th December, 1806, on Vosburgh's order.

The plaintiff's counsel contended that the ownership of the sloop must be considered as being in the defendants, until the execution of the bill of sale; and, that the enrolment was conclusive evidence of the fact of ownership, he cited 3 Dallas, 491.

SPENCER, J. The sale of a vessel does not differ from the sale of any other chattel. The delivery of the article conveys a sufficient title. The bill of sale is of no importance, after delivery, as to title. The title to this sloop was out of the defendants, upon the delivery to Vosburgh, and they are therefore not liable, as owners, for the sails furnished. The case cited from Dallas is inapplicable. There, the parties expressly agreed that the ownership of the vessel should be considered as remaining in the vendor, that she might retain her American character, the vendee being an alien.

Verdict for the defendants.(1)

*Irving*, for plaintiff.

*Emmet*, for defendants.

. (1) On a motion to set aside this verdict, the court decided, that the property in the vessel was not in the defendants when the plaintiff sold the sails

Wendover v. Hogeboom et al.

to Vosburgh, that they had then ceased to be the owners. From this decision, it follows, that ships and vessels are transferable by our law, in the same manner as other chattels; that they will pass by delivery, without the formality of a bill of sale. In the case of coasting or licensed vessels, as the Convention seems to have been, a bill of sale is entirely unnecessary. But, in the case of registered vessels, there must be a bill of sale, reciting the certificate of registry, not for the purpose of transferring the title, which is fully transferred by delivery, as in the case of coasting vessels, but for the purpose of securing to the vessel the privileges of an American ship, under the statute, which are lost, unless such bill of sale accompanies the transfer. Laws U. S., Vol. 2, p. 321, c. 146, sec. 14. In England, by various statutory provisions, a bill of sale, reciting the register of the ship or vessel, is absolutely necessary, and the transfer is void unless made by such bill of sale. 26 Geo. 3, c 60, sec. 17; 34 Geo. 3, c. 68, sec. 18. It is also necessary there, in order to change the ownership, that there should be a new certificate of registry. 26 Geo. 3, c. 60, sec. 16. This is also necessary by our law; not, however, for the purpose of transferring the title, but for the purpose of securing, to the ship transferred, her American privileges, as in the case of the bill of sale. This radical difference in the laws of the two countries has produced a difference in decisions on the same subject matter, in their respective tribunals. Thus, in the case of *Young* v. *Brand et al.*, (8 East, 10,) a bill of sale of a vessel had been duly executed by the defendants to a third person, who immediately took possession of the vessel, and ordered repairs, which were done by the plaintiff, who then brought an action against the defendants for those repairs, the certificate of registry not having been changed, and the defendants, therefore remaining as owners on the face of it. The court there held that the defendants remained the legal owners. This, for the reason above mentioned, would not have been the decision of our courts. In this case, however, the court also decided, that although the ownership was in the defendants, still, as the repairs had been ordered by a stranger, they were not liable. At the trial of the principal case, at *Nisi Prius*, it was contended by the counsel for the plaintiff, that the enrolment was conclusive evidence of the fact of ownership, and he relied on the case of *Murgatroyd* v. *Crawford*, 3 Dall. 491. In that case, Shippen, J., held that the register (which is the same to a registered vessel, that an enrolment is to a coasting vessel,) was *prima facie*, but not conclusive, evidence of ownership. This case, however, was afterwards overruled in the case of *Duncannon* v. *McLure*, 4 Dall. 314; *Murgatroyd* v. *McLure*, 4 Dall. 342. On this subject, the true rule is, that the register or enrolment can never be evidence for the owners, and can only charge persons with the ownership *prima facie*, by showing, by parol or otherwise, that it was their

Wendover v. Hogeboom et al.

act, which makes it amount to an admission of ownership, liable to be re-butted by proof of transfer. Vide *Sharp* v. *United Insurance Company*, 14 Johns. 201, and the cases there cited; 19 Johns. 353, *vide etiam Tucker* v. *Walpool*, 14 East, 230; *Fraser* v. *Hopkins*, 2 Camp. 170; 2 Taunt. 5. It seems, however, that in England, it has been frequently offered by owners as *prima facie* evidence of ownership in them, and admitted *sub silentio*. And, in a case in which Lord Ellenborough was compelled to reject it, upon an objection taken, he did it with regret, observing that he was sorry the objection had been taken, as the practice of admitting it as *prima facie* evidence, was extremely convenient. *Flower* v. *Young*, 3 Camp. 240; *Ring* v. *Franklin*, 2 Hall. 1.